IBG 2017 2565. So this is the 996 patent again it's in the same family and same specification. This case is really a head-scratcher for me because the 996 requires a static price axis, indicators that move relative to the static price axis, an order entry region along the static price axis from which orders are sent. Single action in the order entry region to set the price and send the order. If that sounds a lot like the 304 patent it's because it it does track that. The 996 patent is virtually identical to the 304 and 132 patent for purposes of eligibility. And before the board they asked IB I thought a good question and that is can you identify one element in the 304 that's missing in the 996 and IB couldn't identify one difference. And in fact the 996 has an additional limitation requiring multiple orders and so for that reason the 996 meets section 101 just as the 304 does and for the same reasons that the 304 recites a technological invention the 996 does as well. Thank You Mr. Gannon, Mr. Pickard. For this final patent one distinguishing feature from the 132 and 304 patents is again we have a fact-finding from the board about step one analysis that the mental economic practice. We report that we're correct that subsidiary fact findings are entirely appropriate under step one of Alice. Again the claims in the 996 patent do nothing more than computerized the economic practice of the order book. I'm sorry you you said that subsidiary fact-finding is undertaken under step one of Alice? It can't it is appropriate to do so in some cases may require. There are cases where it can be I think. What cases are those? Where have we said that? What's the authority? This court has never explicitly ruled that as an answer to the question either way. As I said earlier the Alice and Bilski decision that the Supreme Court looked at evidence outside the patent. I think this case reflects these cases reflect why looking outside the patent and making subsidiary fact findings can be useful because this case these patents, those that were litigated in the CQG case, the inquiries as to what was a fundamental economic practice or abstract can find itself to things that were said in the patent. And when we look outside the patent we see that the way of arranging data and these patents was an economic practice and they cover the other. If that was true then could extrinsic evidence rebut the talking about claim construction? No, you're saying that you can make subsidiary fact-finding under step one. What I'm asking you is can extrinsic evidence rebut the plain meaning of a claim? So make sure I understand your Honor's question. Can you use a dictionary in order to rebut the plain meaning of a claim? If the claim says you know an elephant is red then you're saying you can get a dictionary that says an elephant is green and that rebuts the claim. I think that were a court or the PTAB to make a one-on-one decision and if it was confronted with the question as to the meaning of a term it would be appropriate for that tribunal to rely on extrinsic evidence under the same paradigm that we have after Teva and Phillips and so on. Thank you counsel and we needn't hear from the quick thing. So the board found that the 132 and the 304 patent meets step one. I am very confident that had they not had the CQG opinion before then they would have ruled the other way but they were forced to rule the way they did because of the CQG opinion. What doesn't make sense at all is that with respect to the 304 and the 132 patent they found those claims to be eligible under step one and yet somehow on the 996 where I.B. couldn't identify one element from the 304 missing from the 996 they said the 996 doesn't meet step one. That makes no sense. Thank you counsel. We'll take all four cases under advisory.